**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHISN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| TROY COVEY,<br><br>*Plaintiff*,<br><br>v.<br><br>SKIN SCIENCE BY LILI LLC d/b/a FLEUR FACIAL STUDIO and DOES 1-10, inclusive,<br><br>*Defendants*. | Case No. _____<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Troy Covey, through his undersigned counsel, brings this Complaint against Defendant Skin Science by Lili LLC d/b/a Fleur Facial Studio and DOES 1-10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Troy Covey ("Covey") is an individual and professional photographer residing in New York.

3. Upon information and belief, Defendant Skin Science by Lili LLC d/b/a Fleur Facial Studio ("Skin Science") is a limited liability company organized and

1
COMPLAINT

existing under the laws of the state of Georgia. Defendant Skin Science's principal office address is 73 Prestige Lane, Suite 103, Dawsonville, Georgia 30534.

4. The true names and capacities of Defendants Does 1 through 10, inclusive are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

5. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

7. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the state of Georgia and/or Defendant transacts business in the state of Georgia.

8.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Troy Covey*

9.  Plaintiff Covey is a successful commercial photographer specializing in beauty photography.

10.  Plaintiff Covey licenses his work for a fee.

11.  Plaintiff Covey's client list includes Lune + Aster, Briogeo, Clinique, Target, Peloton, Versed Skincare, e.l.f., and *SHAPE Magazine*.

12.  Plaintiff Covey's portfolio of work is available for viewing by the general public at https://troycovey.com/ ("Covey Website").

13.  Plaintiff Covey's livelihood depends on receiving compensation for the photographs he produces, and the value of the work he produces is devalued when others copy and profit from his work without his permission.

14.  The copyright protection afforded to Plaintiff Covey's work deters would-be infringers from copying and profiting from his work without his permission.

15.    Plaintiff Covey is the sole author and exclusive rights holder to a photograph of a female model applying a creamy face wash to her face ("Skincare Photograph").

16.    Attached as Exhibit A is a true and correct copy of the Skincare Photograph.

17.    Covey registered the Skincare Photograph with the United States Copyright Office under Registration Number VAu 1-349-196 with the file name VERSED01-19-02-12-J_194 and an Effective Date of Registration of March 18, 2019.

18.    Attached hereto as Exhibit B is a true and correct copy of Registration No. VAu 1-349-196.

### *Defendant Skin Science by Lili*

19.    Upon information and belief, Defendant Skin Science is a company that provides medical aesthetic treatments.

20.    Upon information and belief, Defendant Skin Science controls and manages the website at https://skinsciencebylili.com/ ("Skin Science Website").

21.    Defendant Skin Science generates content on the Skin Science Website for commercial purposes to market and promote Skin Science's services, to attract user traffic to Skin Science, and to increase the customer base and revenue for Skin Science.

22.    At all relevant times, Defendant Skin Science had the ability to supervise and control all content on the Skin Science Website.

23.    At all relevant times, Defendant Skin Science had a direct financial interest in the content and activities of the Skin Science Website (including the activities alleged in this Complaint).

24.    At all relevant times, the Skin Science Website was readily accessible to the general public throughout Georgia, the United States, and the world.

***Defendant Skin Science's Willful, Unauthorized Use of the Skincare Photograph***

25.    On or about June 10, 2025, Plaintiff Covey discovered his Skincare Photograph being used on the Skin Science Website in a blog entitled *At-Home Facial vs. Professional Facial: What's the Real Difference?* ("Facial Article") .

26.    Attached hereto as Exhibit C is a true and correct screenshot of the Skincare Photograph as used on the Skin Science Website.

27.    Covey is informed and believes that Skin Science hired a website developer (DOE 1) to design the Website, and DOE 1 used the Skincare Photograph as part of the content in the Facial Article.

28.    Plaintiff Covey did not grant Defendant Skin Science or DOE 1 a license, permission, or authorization to use, make a copy of, or publicly display the Skincare Photograph on the Skin Science Website.

29.     Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Skincare Photograph and caused the Skincare Photograph to be uploaded to and displayed on the Skin Science Website.

30.     Plaintiff Covey is informed and believes that the purpose of the use of the Skincare Photograph on the Skin Science Website was to couple high-quality visual content, via a professionally produced photograph, with textual content to create an aesthetic, visually inviting presentation of Defendant Skin Science's marketing message and to support Defendant Skin Science's marketing goals to entice users to browse through the Skin Science Website and ultimately purchase services from Defendant Skin Science which would generate revenue for Defendant Skin Science.

31.     Plaintiff Covey is informed and believes that the purpose of the use of the Skincare Photograph in the Facial Article was to couple a high-quality, professionally-produced photograph with textual content to bolster and lend credibility and integrity to Defendant Skin Science's reputation in the medical aesthetics business and act as a draw to entice the Skin Science Website user to purchase Skin Science's services.

32.     Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) used, publicly displayed, published, and

otherwise held out to the public Covey's original and unique Skincare Photograph for commercial purposes and to acquire a direct financial benefit from use of the Skincare Photograph.

33.    Specifically, Defendant intended for the Skincare Photograph to act as a draw to entice the Skin Science Website user to purchase Skin Science's services which would generate revenue for Defendant Skin Science.

34.    After discovering the unauthorized use of the Skincare Photograph on the Skin Science Website, Plaintiff Covey, through Higbee & Associates ("H&A"), sent cease and desist correspondence to Defendant Skin Science, on or about June 23, 2025, with a demand for licensing fees for the unauthorized use of the Skincare Photograph.

35.    On or about July 2, 2025, H&A received correspondence from DOE 1 advising that DOE 1's company designed and developed the Skin Science Website for Defendant Skin Science and outsourced the content and accompanying image selection for the Facial Article to a company in Asia. Unfortunately, the parties were unable to resolve the matter.

36.    DOE 1 also advised that the Skincare Photograph was removed from the Skin Science Website, and all backend content had been scrubbed and reviewed. However, as of March 25, 2026, the Skincare Photograph was still being stored on

the server ("Access Server") from which the Skin Science Website had accessed it to upload and publicly display on the Skin Science Website.

37. Attached hereto as Exhibit D, is a true and correct screenshot of the Skincare Photograph as stored on the Access Server including a date-stamp of March 25, 2026.

38. Defendant willfully infringed upon Plaintiff Covey' rights in his Skincare Photograph because, *inter alia*, Defendant knew, or should have known, that it did not have a legitimate license, permission, or authorization from Plaintiff Covey to use the Skincare Photograph on the Skin Science Website.

39. Defendant's conduct is also willful because Defendant continues to store a copy of the Skincare Photograph on the Access Server.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Plaintiff owns a valid copyright in the Skincare Photograph.

42. Plaintiff registered the Skincare Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

43. Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of and

displayed Covey's unique and original Skincare Photograph without his consent or authorization in violation of 17 U.S.C. § 501.

44.    Defendant willfully infringed upon Plaintiff's rights in his copyrighted Skincare Photographs in violation of Title 17 of the U.S. Code.

45.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

46.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Plaintiff's election, statutory damages, for each infringement, pursuant to 17 U.S.C. § 504(c).

47.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the Court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

48.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright in the Skincare Photograph pursuant to 17 U.S.C. § 502.

## DEMAND FOR JURY TRIAL

49.    Plaintiff hereby demands a trial by jury in the above matter.

COMPLAINT

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Skincare Photograph by copying and publicly displaying it without a license or consent;

- For a finding that Defendant's' conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of Covey's Skincare Photograph pursuant to 17 U.S.C. § 502;

- For pre-judgment and post-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: March 27, 2026                    Respectfully submitted,

**/s/ Jayma C. Leath**
Jayma C. Leath, Esq.
GA Bar. No. 639678
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
jleath@higbee.law
*Attorney for Plaintiff*

COMPLAINT